```
UNITED STATES DISTRICT COURT                                    USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                                   DOCUMENT
                                                                ELECTRONICALLY FILED
------------------------------------------------------------ X  DOC #:_____
                                                             :  DATE FILED: 12/14/2020
  SECURITIES AND EXCHANGE COMMISSION                         :
                                                             :
                                                             :     19   CV  1161   (JPC)
                                           Plaintiff(s),     :
                              -v-                            :     CIVIL CASE
                                                             :     MANAGEMENT PLAN
  ROBERT ALEXANDER, et al.,                                  :     AND SCHEDULING
                                                             :          ORDER
                                          Defendant(s).      :
                                                             :
                                                             :
------------------------------------------------------------ X
```

       This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Rule 26(f)(3) of the Federal Rules of Civil Procedure.

1. All parties [**consent** ☐ /**do not consent** ☑] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2. Settlement discussions [**have** ☑ /**have not** ☐] taken place.

3. The parties [**have** ☑ /**have not** ☐] conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure.

4. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court.

5. Initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure shall be completed no later than __14__ days from the date of this Order. [*Absent exceptional circumstances, fourteen (14) days*.]

6. Fact Discovery

    a. All fact discovery shall be completed no later than __February 26, 2021__. [*A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances*.]

    b. Initial requests for production of documents shall be served by __October 5, 2020__.

    c. Interrogatories shall be served by __October 30, 2020__.

      d.      Depositions shall be completed by **February 26, 2021**.

          (i)    Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded to initial requests for document production.

          (ii)   There is no priority in deposition by reason of a party's status as a plaintiff or a defendant.

          (iii)  Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

      e.      Requests to admit shall be served by **October 31, 2020**.

      f.      Any of the deadlines in paragraphs 6(b) through 6(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 6(a).

7. Expert Discovery

      a.      All expert discovery, including expert depositions, shall be completed no later than **March 26, 2021**. [*Absent exceptional circumstances, a date forty-five (45) days from the date in paragraph 6(a) (i.e., the completion of all fact discovery)*.]

      b.      Plaintiff's expert disclosures pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure shall be made on or before **January 31, 2021**.

      c.      Defendant's expert disclosures pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure shall be made on or before **January 31, 2021**.

      d.      The interim deadlines in paragraphs 7(b) and 7(c) may be extended by the written consent of all parties without application to the Court, provided that expert discovery is completed by the date set forth in paragraph 7(a).

8. All motions and applications shall be governed by the Court's Individual Practices for Civil Cases.

9. Any discovery disputes shall be addressed according to 5.C of the Court's Individual Rules and Practices for Civil Cases.

10. All discovery must be completed by **March 26, 2021**.

11. All counsel must meet in person to discuss settlement within fourteen (14) days following the close of fact discovery.

12. Unless otherwise ordered by the Court, a party seeking to file a post-discovery motion shall file a pre-motion letter within fourteen (14) days of the close of all discovery. Pursuant to 6.A of the Court's Individual Rules and Practices for Civil Cases, responses to pre-motion letters are to be submitted within three business days from submission of the initial pre-motion letter.

13. Within thirty (30) days after the close of discovery or, if a dispositive motion has been filed, within thirty (30) days of a decision on such motion, the parties shall submit a Joint Pretrial Order prepared in accordance with Rule 26(a)(3) of the Federal Rules of Civil Procedure and 7.B of the Court's Individual Rules and Practices in Civil Cases. The parties shall follow the Court's Individuals Rules and Practices in Civil Cases for any submissions that must be made at the time of the Joint Pretrial Order, including any motions *in limine*.

14. In accordance with 7.C of the Court's Individual Rules and Practices in Civil Cases, counsel are required to meet and confer on a joint submission of proposed *voir dire* questions, jury instructions, and verdict form, noting any points of disagreement in the joint submission. Jury instructions may not be submitted after the Joint Pretrial Order due date, unless they meet the standard of Rule 51(a)(2)(A) of the Federal Rules of Civil Procedure. If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted on the Joint Pretrial Order due date in accordance with 7.D of the Court's Individual Rules and Practices in Civil Cases.

15. The parties shall be ready for trial on _____. [*Absent exceptional circumstances, a date within two weeks following the Final Pretrial Order due date*.]

16. This case [**is** [✓] /**is not** [ ] ] to be tried to a jury.

17. Counsel for the parties have conferred and their present best estimate of the length of trial is 4-5 Trial Days.

18. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Rule 26(f)(3) of the Federal Rules of Civil Procedure, are set forth below.
    The SEC will file a summary judgment motion as to both defendants based on the collateral estoppel effect of Mr. Alexander's guilty plea to securities fraud in United States v. Robert Alexander, 19-cr-164-ALC (SDNY). Sentencing in the case has not taken place and is not scheduled. Defendants intend to file a motion for a more definite statement and for judgment on the pleadings under FRCivP 12.

The next Case Management Conference is scheduled for ~~February 10, 2021~~ at ~~11:00 AM~~. The status conference scheduled for February 10, 2021 at 11:00 a.m. is adjourned *sine die.*

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as provided in paragraph 6(f) and 7(d)) shall be made in a written application in accordance with Court's Individual Practices and shall be made no less than two (2) business days prior to the expiration of the date sought to be extended.

SO ORDERED.

*[signature]*
JOHN P. CRONAN
United States District Judge

Dated: December 11, 2020
New York, New York

3